**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF TEXAS**
**SAN ANTONIO DIVISION**

**TIGRAN MIRUOYAN,**

***Petitioner*,**

**v.** **Case No. 5:26-CV-1237-JKP**

**MARKWAYNE MULLIN, et al.,**

***Respondents*.**

**ORDER PARTIALLY LIFTING STAY AND**
**DENYING MOTION FOR TEMPORARY RESTRAINING ORDER**

Before the Court is an Opposed Motion to Lift the Stay of Removal (ECF No. 8); a Motion for Temporary Restraining Order ("TRO") and Preliminary Injunction (ECF No. 10); and briefing related to these filings (ECF Nos. 9, 13, 15, 17, and 18). When the Court issued its Order for Service, it included the following:

> **IT IS FURTHER ORDERED** that any possible or anticipated removal or transfer is **IMMEDIATELY STAYED** until further order from this Court. Respondents shall not transfer the above-named Petitioner outside of this judicial district during the pendency of this litigation and until further Order of this Court allowing removal or transfer. Of course, this stay does not preclude Respondents from taking necessary steps to effect Petitioner's removal, it merely stays the physical removal or transfer of Petitioner.

Respondents first argue that 8 U.S.C. § 1252(g) divests this Court of jurisdiction to hear any claim arising from a decision to execute a removal order against a noncitizen. Relatedly, they rely on a recent Fifth Circuit decision that reiterated that district courts lack jurisdiction to grant a request for stay of removal. *See Imran v. Harper*, No. 25-30370, 2026 WL 93131, at *1 (5th Cir. Jan. 13, 2026) ) (per curiam). But as this Court has previously explained, it has not stayed "removal based on any request by Petitioner," but has instead simply "preserv[ed] existing conditions so that it could address the matters raised in the instant habeas petition." *Umanzor Maldonado v. Lyons*, No. 5:26-CV-0112-JKP, 2026 WL 196521, at *2 (W.D. Tex. Jan. 20, 2026).

The Supreme Court recognized long ago that a district court has "the power to preserve existing conditions while it was determining its own authority to grant injunctive relief." *United States v. United Mine Workers of Am.*, 330 U.S. 258, 293 (1947). Because federal courts always have jurisdiction to determine their own jurisdiction, *see Brownback v. King*, 592 U.S. 209, 218–19 (2021), they must be afforded an opportunity to make such determination. And in the current immigration environment, such opportunity may properly require courts to stay removal or transfer of petitioners like the Petitioner here. The Court finds the stay issued in this case to be a proper exercise of its inherent power to preserve its ability to hear the case. *See Santiago v. Noem*, No. 3-25-CV-361-KC, 2025 WL 2606118, at *2–3 (W.D. Tex. Sept. 9, 2025). For these reasons, the Court disagrees that it lacked jurisdiction to issue the stay of removal and transfer.

In supplemental briefing (ECF No. 13), Respondents argue that the Court's stay precludes them from removing Petitioner to Moldova. Petitioner challenges his detention under 8 U.S.C. § 1231(a)(6) as interpreted by *Zadvydas v. Davis*, 533 U.S. 678, 701 (2001). In the supplemental briefing, Respondents assert that they have allocated a removal flight for Petitioner, and the only obstacle to Petitioner's removal is the stay imposed in this case.

Petitioner has opposed the motion on grounds that the proposed removal directly violates 8 U.S.C. § 1231(b) and corresponding regulations (8 C.F.R. §§ 208.16 through 208.18, 1208.16 through 1208.18). According to Petitioner, nothing indicates that he selected Moldova as an alternative country for removal or that he has been afforded an opportunity to assert a fear of persecution or torture if removed to there. When Petitioner filed his TRO motion, he stated that he had been told that his removal to Moldova had been accepted, and he reiterated that such removal violates the cited statutes and regulations.

At this point, the Court makes no ultimate ruling on the merits of the habeas petition. It does, however, find sufficient reason to lift its unilateral order to stay all removal. Viewing all

matters before it, the Court hereby **GRANTS in part and DENIES in part** the Opposed Motion to Lift the Stay of Removal (ECF No. 8) and **LIFTS** its stay but only to the extent that the stay had precluded removal to four countries deemed acceptable by Petitioner (Canada, United Kingdom, Greece, and France) or to Moldova, a third country that has provided sufficient individualized assurances concerning receiving Petitioner. The imposed stay no longer precludes Petitioner's physical removal to those countries. Nor does it prevent Petitioner's transfer to Louisiana. **If Respondents remove Petitioner, they shall file a status report forthwith to notify the Court.**

Petitioner opposes lifting the stay and supports his motion for TRO on grounds that Respondents have not followed statutory and regulatory procedure as to Moldova. But it is clear that Respondents provided Petitioner notice and an opportunity to receive a reasonable fear interview ("RFI") as to the third country prior to his removal. He has now had several months to act. But to date, Petitioner has taken no steps to have an immigration judge review any negative RFI. Nor has he indicated that there is a positive RFI or any issued withholding of removal to Moldova. From the briefing on the motions, there is no basis to preclude removal to Moldova. The Fifth Circuit, furthermore, recently denied an emergency stay of removal pending appeal in a case involving third-country removal. *See Gakou v. Warden of Prairieland Det. Ctr.*, 193 F.4th 805 (5th Cir. 2026) (published) (per curiam). *Gakou* appears to support denying the requested stay for lack of jurisdiction. For these reasons, the Court **DENIES** the Motion for Temporary Restraining Order and Preliminary Injunction (ECF No. 10).

**IT IS SO ORDERED this 20th day of November 2026.**

Jason Pulliam

**JASON PULLIAM**
**UNITED STATES DISTRICT JUDGE**